## 47847. MILLER et al. v. THURMOND.

STOLZ, Judge. Charles J. Thurmond (plaintiff) entered into an agreement with L. B. Miller and L. B. Miller & Company (defendants) for the sale of certain stock owned by the plaintiff. Defendant Miller was the general partner of the defendant Miller & Co., a stockbrokerage firm having its sole place of business in the State of California. Since Miller & Co. was not a member of a stock exchange, it was understood that all sales and records thereof would be handled through J. P. Guerin Co. (Guerin), an exchange member. There was no agreement as to the amount of stock to be sold, the selling price of the stock, or the dates on which the plaintiff would deliver stock to the defendants for sale. At all times pertinent, Guerin was the agent of the defendants for the purpose of facilitating the sale of the plaintiff's stock.

On December 23, 1968, the plaintiff mailed 5,000 shares of J. D. Jewell Inc. stock (Jewell stock) to Guerin with instructions to the defendants to sell 1,000 shares and hold the balance for his account. When a purchaser was found for the remaining 4,000 shares, defendant Miller was to notify the plaintiff and obtain authorization to sell at the price offered. In January, 1969, the defendant Miller received telephone authorization from the plaintiff to sell 2,000 shares of the stock at $14 per share. On January 14, 1969, the plaintiff received a confirmation of the sale from Guerin crediting his account with $28,000. Shortly thereafter, the plaintiff authorized the defendants to sell the remaining 3,000 shares at $15 per share. Confirmation statement relating to this sale was promptly sent to the plaintiff by Guerin. After receiving this last confirmation statement from Guerin, the plaintiff testified that he knew that "It

wiped me out for this 5,000 that I had sent them." However, on February 28, 1969, Guerin sent the plaintiff a month-end statement showing that the plaintiff had sent 20,000 shares of Jewell stock, that 10,000 of such shares had been sold, and that the plaintiff had a balance of 5,000 shares of Jewell stock in his account. On March 28, 1969, Guerin sent the plaintiff a month-end statement correcting the erroneous February 28 statement. Prior to that, on March 25, 1969, defendant Miller had telephoned the plaintiff, representing that the plaintiff's account still contained 5,000 shares of Jewell stock, that he had located a purchaser for 1,000 of these shares at $15 per share, and that he expected to find a purchaser for the remaining 4,000 shares at the same price. The plaintiff consented to the sale of the 1,000 shares at the time. Shortly thereafter, the plaintiff consented to the sale of the 4,000 shares. Confirmation statements regarding these sales were promptly sent to the plaintiff by Guerin. On April 17, 1969, defendant Miller contacted the plaintiff to determine if the plaintiff had any Jewell stock which he (Miller) could purchase for himself. After negotiations, Miller bought the plaintiff's remaining shares of Jewell stock (10,000 shares). The following month, Guerin demanded that the plaintiff deliver the 5,000 shares of Jewell stock he had authorized Miller to sell on March 25. The plaintiff advised Guerin that he had sold all of his Jewell stock and was unable and unwilling to deliver. This required Guerin to purchase 5,000 shares of Jewell stock on the open market in order to make delivery to the March 25th purchasers, and caused the price of the stock to rise more than $18,135 that the plaintiff had originally received for the stock. The plaintiff's account was then charged with this difference, precipitating this action. The case was tried before a jury, resulting in verdict and judgment for the plaintiff for $18,135. The

defendants appeal, and enumerate as error the trial court's failure to direct a verdict in their favor. *Held:* The crux of the defendants' position is that the plaintiff was barred by his own negligence in failing to take notice of and/or correct the error contained in the month-end statement dated February 28, 1969, showing 5,000 shares of Jewell stock remaining in his account with J. P. Guerin. This position does not hold water. The defendants' answer admits that Guerin was the defendants' agent for the purpose of selling the plaintiff's Jewell stock. The error was made by J. P. Guerin & Co. If it could be said that the plaintiff was charged with notice of the error, it could be said with at least equal force that Guerin had notice of the error. As agent of the defendants, this notice would be imputed to defendants as a matter of law. Code § 4-309. The error in the February 28, 1969, month-end statement was made by Guerin. The defendants are bound for the care and diligence of their agent, Guerin, in his business, and are bound for the agent's neglect in the transaction thereof. Code § 4-311.

The case was properly presented to the jury for resolution and the judgment is therefore affirmed.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 12, 1973 — DECIDED FEBRUARY 16, 1973.

*Matthews, Walton, Smith, Shaw & Maddox, Raymond A. Majors,* for appellants.

*Robinson, Buice, Harben & Strickland, Frank W. Armstrong,* for appellee.